UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SATERFIELD,<br><br>    Petitioner,<br><br>v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No. 2:22-cv-01513-JDP (HC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF Nos. 1 & 2 |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it fails to state a viable federal claim. I will give petitioner a chance to amend before recommending that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner raises three claims related to his two convictions for murder in the first degree. First, he argues that, since he was twenty-one at the time of the offense, his sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment.

ECF No. 1 at 5. He is incorrect. In *Graham v. Florida*, the Supreme Court held that the Eighth Amendment forbids a sentence of life without parole for juvenile nonhomicide offenders. 560 U.S. 48, 74 (2010). This holding does nothing to aid petitioner, who was convicted of homicide. In *Miller v. Alabama*, the Supreme Court held that a mandatory sentence of life without parole for those under 18 at the time of the crime violated the Eighth Amendment. 567 U.S. 460, 465 (2012). Petitioner states that he was twenty-one at the time of the crime.

Petitioner's other two claims fail for want of detail and context. He argues that his conviction was obtained by improper jury instructions on self-defense. ECF No. 1 at 5. He fails, however, to describe how the jury instructions were flawed. Similarly, he argues that the prosecutor committed misconduct by, among other things, misstating the law as to self-defense and the reasonable doubt standard. Again, however, he does not say how the prosecutor's conduct was improper.

Petitioner may, if he chooses, file an amended petition that addresses these issues. If he does not, I will recommend that this action be dismissed.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Petitioner may file an amended § 2254 petition within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form with this order.

IT IS SO ORDERED.

Dated:   September 8, 2022                          _____
                                                     JEREMY D. PETERSON
                                                     UNITED STATES MAGISTRATE JUDGE